UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-86-P-S |
| | ) | |
| MICHAEL L. RANDALL, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant, charged with possession of a shotgun by a person convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2) and possession of an unregistered shotgun in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871, Indictment (Docket No. 1) at 1-2, moves to dismiss the indictment on the basis of "pre-accusatory delay."  Motion to Dismiss, Pre-Accusatory Delay (Docket No. 19) at 1.  Specifically, he alleges that he has suffered "actual prejudice and presumed prejudice" because the indictment charges him with misconduct alleged to have occurred from January 2001 to March 2002, yet the indictment was not returned until October 2006.  *Id*.  He asserts that "[i]t is not practical to mandate the defendant to recreate an alibi which is so old" and that "[t]he retrieval of defenses, witnesses, items and exhibits from 5 years ago or more is so prejudicial as to be presumptive."  *Id*.  Finally, he asserts that the government "still has not produced evidence (after a discovery request) showing the witnesses who will allege that Defendant possessed the firearm from January 2001 to March 2002."  *Id*. at 2.

The government responds that the statute of limitations applicable to the crimes charged does not expire until March 4, 2007.  Government's Opposition to Defendant's Motion[] to . . . Dismiss ("Opposition") (Docket No. 32) at 10.  If that is the case, the defendant must demonstrate that he has

suffered "actual, substantial prejudice [and] that the prosecution orchestrated the delay to gain a tactical advantage over him." *United States v. Kenrick*, 221 F.3d 19, 33 (1st Cir. 2000). The government also professes to be unaware of any request from counsel for the defendant for discovery concerning witnesses, but avers that it has provided to the defense "the record of Mr. Randall's admissions to Detectives Lucier and Tapley." Opposition at 10.

The indictment alleges that both charged crimes continued "until about March 3, 2002 and thereafter." Indictment at 1 & 2. The statute of limitations applicable to these crimes requires that the indictment be found "within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). The indictment, returned on October 24, 2006, *id*. at 2, thus was brought within the period of the statute of limitations. The First Circuit stated in *Kenrick* that a defendant seeking dismissal of an indictment on the basis of pre-indictment delay must make the showing described above and may not rely on "mere speculation and bare allegations." 221 F.3d at 33. That is all that the defendant offers here. The motion to dismiss should be denied.

If the defendant continues to believe that the government has not provided him with discovery to which he is entitled, that matter must be brought to the court's attention by an appropriate motion. On the showing made, such a lack of response adds nothing to the motion to dismiss.

For the foregoing reasons, I recommend that the defendant's motion to dismiss be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of February, 2007.

                                              <u>/s/ David M. Cohen</u>
                                              David M. Cohen
                                              United States Magistrate Judge